UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MARIA VICTORIA CASTREJON,

Petitioner,

v.

No. 1:26-CV-262-H

TODD BLANCHE, et al.,

Respondents.

**ORDER**

Maria Victoria Castrejon entered the United States illegally four years ago. Dkt. No. 1 at 2. In April 2026, ICE detained Victoria Castrejon and issued her a Notice to Appear, charging her with removability as an alien "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A)(i); *see* Dkt. No. 7 at 2. She is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 7 at 1–2. Before the Court is Victoria Castrejon's habeas petition, which demands her immediate release or a bond hearing based on the text of the INA and its implementing regulations, the Fifth Amendment, the APA, the Suspension Clause, and the *Accardi* doctrine. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Victoria Castrejon's petition, and it has determined that:

- Where the Court exercises its authority to review a petition, the Suspension Clause is not implicated. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026).

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- The application of Section 1225(b)(2)(A) to unadmitted aliens is not impermissibly retroactive in violation of the Fifth Amendment. *Nieto Torres v. Noem*, 2026 WL 695639, at *4–7.

- DHS's policy of detaining aliens subject to detention under Section 1225(b)(2)(A) does not violate the equal-protection component of the Fifth Amendment's Due Process Clause. *Chi*, 2026 WL 1062625, at *4–5.

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi*, 2026 WL 1062625, at *5–6.

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir.), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219 & 26-50221, Dkt. No. 178-1.

Victoria Castrejon's arguments are the same as the arguments made in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because Victoria Castrejon is not entitled to relief, the Court denies the petition. Dkt. No. 1.

So ordered on ~~August~~ September 1, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE